**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**QUINTERO DIAZ LAZARO,
A# 022 775 456,**

    Petitioner,

vs.                                               Case No. 4:17cv419-WS/CAS

**JEFF SESSIONS, et al.,**

    Respondents.
_____/

## ORDER and REPORT AND RECOMMENDATION

On September 15, 2017, the pro se Petitioner submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Because Petitioner did not pay the $5.00 filing fee or submit an in forma pauperis motion at the time of case initiation, an Order was entered on September 25th directing Petitioner to do one or the other by October 25, 2017. ECF No. 3.

On October 3rd, that mail was returned to the Court as undeliverable. ECF No. 4. The stamp on the returned envelope stated: "return to send; not deliverable as address; unable to forward." *Id.* The mail was addressed to Quintero Diaz Lazaro at the Wakulla County Jail in

Crawfordville, FL, using the same address Petitioner supplied when he mailed the petition to this Court and listing his name in the same manner used by Petitioner. ECF No. 1 at 12. The Clerk's Office was able to locate another address for Petitioner and the Order was re-mailed to him at an address in Lumpkin, Georgia. ECF No. 5.

On October 23, 2017, the mail was again returned to the Court with the same "return to sender" stamp. ECF No. 6. The Clerk's Office has, thus far, been unable to locate another address in which to contact Petitioner. Consulting the Online Detainee Search on the U.S. Immigration and Customs Enforcement's website indicates Petitioner is still located at the Stewart Detention Center in Lumpkin, Georgia. Petitioner's name, however, is listed as Lazaro Quintero Diaz instead of Quintero Diaz Lazaro, as Petitioner provided it in the petition. Although use of Petitioner's A-number, 022775456, should have clarified the mail recipient, it possibly caused some confused because the Clerk's Office also included Petitioner's former inmate number from the Wakulla County Detention Center.

In an abundance of caution, this Report and Recommendation will be re-mailed to Petitioner at the Stewart Detention Center. Petitioner shall

have fourteen days, until **November 17, 2017**, to file a "motion for reconsideration" if he desires to continue this case.

However, because mail has been unable to reach Petitioner and the filing fee has not been paid, it is recommended that this case be dismissed without prejudice. If contact is successfully made with Petitioner and he desires to continue this case, he is responsible for immediately replying to this Report and Recommendation. As a courtesy, the Clerk's Office shall also provide a copy of the prior Order to Petitioner with this Report and Recommendation.

Accordingly, it is **ORDERED:**

1. The Clerk of Court shall re-mail the prior Order, ECF No. 3, including an in forma pauperis application packet, along with this Report and Recommendation to: Lazaro Quintero Diaz, A # 022775456, at the Stewart Detention Center, 146 CCA Road, Lumpkin, GA 31815.

2. If Petitioner desires to continue this case, he must file a motion for reconsideration no later than **November 17, 2017**.

3. Petitioner must either file an in forma pauperis motion, pay the $5.00 filing fee, or request additional time in which to comply.

4. Petitioner shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this § 2241 petition be **DISMISSED** for failure to prosecute pursuant to Rule 41(b).

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**